HANOVER FIRE INSURANCE COM-
PANY, The London Assurance, The
Aetna Insurance Company and Ameri-
can Insurance Company, Plaintiffs,

v.

Mariano NIEVES HIDALGO as Superin-
tendent of Insurance of the Common-
wealth of Puerto Rico, Defendant.

Civ. No. 9375.

United States District Court
D. Puerto Rico, San Juan Division.

Sept. 27, 1956.

J. R. Beverley, San Juan, P. R., for
plaintiffs.

Jose Trias Monge, Atty. Gen. of Com-
monwealth of Puerto Rico, and Edgar S.
Belaval, Asst. Atty. Gen., for defendant.

RUIZ-NAZARIO, District Judge.

## I

This is an action for declaratory relief brought by the four plaintiff insurance companies against the defendant, as Superintendent of Insurance of the Commonwealth of Puerto Rico, pursuant to Sec. 2201, Title 28 U.S.C.A.

The jurisdiction of this Court has been invoked under said Code title and section, in conjunction with Sec. 1332, Title 28 U.S.C.A., Sec. 863, Title 48 U.S.C.A. must be also considered in that connection.

Thus, as jurisdiction in the action is claimed on the basis of diversity and amount in controversy, this court, upon finding that such jurisdiction exists, would, under the well-established rule, have to proceed as if it were one of the courts of the Commonwealth of Puerto Rico.

Defendant has moved to dismiss the petition or complaint, contending that this court lacks jurisdiction of the action because:

(a) Actually, it is one against the sovereign, the Commonwealth of Puerto Rico.

(b) Said sovereign has not in any way waived its immunity from being so sued.

(c) And even if it were held that said sovereign has in some way consented to be so sued, said consent is limited to actions filed in its own courts.

Defendant further contends in his motion, that the petition or complaint in this action fails to state grounds on which relief may be granted by way of a declaratory judgment because the alleged damages are hypothetical.

Oral argument on the motion was heard by the court in due course and the parties have, in addition, submitted briefs in support of their respective positions.

## II

Defendant's contention (see I(a) above) that this is an action against the sovereign, the Commonwealth of Puerto Rico, is without merit. It has thus been definitely decided by the Supreme Court of the Commonwealth of Puerto Rico in Spanish Am. Tobacco Co. v. Izquierdo, Com'r, 67 P.R.R. 146, where it was said at pp. 149, 150:

"(1) The first error assigned by defendant consists in that the Court denied his motion for the dismissal of the complaint. The lack of jurisdiction alleged by the defendant is predicated upon the fact that in the present case, although the action is directed against a public officer, it is in fact an action against the People of Puerto Rico, and the latter has not been sued nor has it given its consent to be sued. Does the judgment that might be rendered in this case affect the People of Puerto Rico? If it does not, we are of the opinion that it is an action against the public officer and not against the sovereign.

\* \* \* \* \* \*

"In the present case, the allegations of the complaint revealed that the judgment which might be rendered either way does not affect the People of Puerto Rico. No remedy is sought against the latter. It is merely sought to determine whether the interpretation placed on a statute by an officer who is charged by law with its execution, is correct. Under these circumstances, we are of the opinion that this is not an action against the People of Puerto Rico and, consequently, that the lower court did not err in dismissing the plea of lack of jurisdiction."

And said decision correctly applies and follows the long-settled doctrine that government officers cannot shield themselves behind the immunity of the sovereign to which they serve, for acts and conduct which are tortious or wrongful, or beyond their lawful authority or in violation of the laws or the Constitution; and which cannot, therefore, be considered as acts or conduct of the sovereign.

## III

What has been said in II above disposes of the two other jurisdictional

questions raised by defendant in his motion to dismiss (I(b) and (c) above).

But even assuming, arguendo, that this action could be, remotely, classified as one against the sovereign, defendant's contention (I(b) supra) that said sovereign has not given its consent to be sued in this type of action, and his other contention (I(c) supra) that, in the event it be found that such consent has been given, the same is limited to actions filed in the courts of the Commonwealth of Puerto Rico, such challenges to this Court's jurisdiction would be devoid of all merit.

The declaratory relief sought herein deals with the interpretation of Act No. 218 of May 15, 1948 of the Legislature of Puerto Rico, L.P.R.A. Title 26, Ch. 101, Sections 1151–1163, and more particularly with findings, determinations and orders of the defendant, as Superintendent of Insurance of Puerto Rico, affecting Sections 4(1) (a) (c), 5(2), 6(1) (2) and 7(1) of said act, L.P.R.A. Title 26, Ch. 101, Sections 1154(1) (a) (c), 1155 (2), 1156(1) (2) and 1157(1).

Section 8(3) of said Act No. 218 of May 15, 1948, L.P.R.A. Title 26, Sec. 1158(3) in what is pertinent here, provides as follows:

"The findings, determinations and orders of the Superintendent made after notice and hearing, pursuant to Sections 1151–1157 of this title *shall be subject to judicial* review. * * *" (Emphasis supplied.)

The present action deals with findings, determinations and orders of the defendant, as superintendent of insurance, pursuant to his interpretation of Act No. 218, of May 15, 1948, L.P.R.A. Title 26, Ch. 101, Sections 1151–1163, and, more particularly, of the sections thereof alleged in the petition or complaint; plaintiffs contending that said findings, determinations and orders find no support in but rather violate the aforesaid law and provisions, as they construe them, and they ask the court to declare their rights and defendant's powers thereunder, by way of declaratory relief.

The action therefore is one seeking judicial review of the challenged findings, determinations and orders of the defendant, authorized under Sec. 8(3) of the Act, L.P.R.A. Title 26, Sec. 1158(3), quoted supra.

Were this an action against the sovereign (which the Court in II supra held that it is not), the same, nevertheless, would be maintainable, because the sovereign's consent thereto would clearly and unequivocally result from Sec. 8(3) of the Act, L.P.R.A. Sec. 1158(3), quoted above.

The section does not in any way provide that the consent be limited to a judicial review by the courts of the Commonwealth, and even if such limitation had been provided in it, the jurisdiction of this court would not be affected thereby, because, as said at the beginning of this opinion (I supra), this court for the purposes of this diversity action is as much a court of the Commonwealth as any of the local courts thereof.

## IV

█ The last question raised in defendant's motion to dismiss is that the complaint fails to state a claim upon which the relief sought may be granted, because the alleged damages are hypothetical.

It appears from defendant's brief, that this question has been raised also to challenge the jurisdiction of this court in regard to the amount in controversy.

The position of the defendant in this respect is that only two of the plaintiffs specifically allege having suffered actual damages in excess of $3,000, exclusive of interest and costs, but that the other two have not done so and that their general allegations with respect to damages in excess of the jurisdictional amount are insufficient, defendant characterizing these as hypothetical.

A perusal of the petition or complaint fails to support defendant's contention.

This is a class action.

Paragraph 4 of the petition or complaint contains a general allegation that

"the amount in controversy herein exceeds the sum of $3,000.00 exclusive of interest and costs."

From the other allegations thereof it appears that the four plaintiffs are foreign stock companies, duly organized for the purpose of underwriting insurance policies, and duly authorized to carry on said business in Puerto Rico; that when Act No. 218 of May 15, 1948, L.P.R.A. Title 26, Ch. 101, Sections 1151–1163, came into effect they became members of the Puerto Rico Inspection and Rating Bureau, organized under said Act; that under said Act they could solicit and underwrite fire insurance and other allied lines of insurance on the properties of the Commonwealth of Puerto Rico, its instrumentalities and public corporations, at the same rates as other insurance companies doing the same business here; that defendant's circular letter permitting insurance companies to quote to the Government of Puerto Rico, its instrumentalities and public corporations, rates other than those established by law for all other insured interests, had the effect of depriving each of the plaintiffs of substantial amounts of money in premiums to be obtained from insurance policies they could underwrite for said government, its instrumentalities and corporations at the rates established by law, or, in the alternative, risk severe penalties provided by the Act by quoting rates outside the manual of rates duly filed with the Superintendent, which they were lawfully bound to observe.

No doubt the fact that two of the plaintiffs had not previously done business with the government or its corporations or instrumentalities and could not, therefore, allege an actual loss of annual premiums in excess of the jurisdictional amount as the other two did, cannot be taken by the court as indicative that they have not or may not suffer such damages on account of defendant's acts and conduct.

The government, its instrumentalities or corporations have been, and continue to be, potential customers of all insurance companies. Their business with insurance companies is no doubt substantial.

Depriving these two plaintiffs of their right to solicit and underwrite insurance from said potential customers would cause damages to them much in excess of the jurisdictional amount.

The general allegation of amount in controversy contained in paragraph 4 of the petition or complaint, viewed in the light of the above considerations, in a class action such as this, is sufficient to support this court's jurisdiction as regards the claims of the aforesaid two plaintiffs.

## V

Defendant's motion to dismiss must be denied.

It is so ordered.

It is further ordered that defendant have a period of fifteen days, from the date of notice of this order, to file his responsive pleading to the petition.